**Delfina S. Homen**, OSB No. 104088
delfina.homen@millernash.com
MILLER NASH LLP
1140 SW Washington St, Ste 700
Portland, OR 97205
Phone: 503.224.5858 | Fax: 503.224.0155

**Todd Marabella** *(pro hac vice application forthcoming)*
tmarabella@goodwinlaw.com
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA, 02210
Phone: (617) 570-1000

**Samuel A. Kunzman** *(pro hac vice application forthcoming)*
skunzman@goodwinlaw.com
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Phone: (212) 813-8800

*Attorneys for Plaintiff Headlight Health, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEADLIGHT HEALTH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HEADLIGHT MENTAL HEALTHCARE, PLLC, and HEADLIGHT MENTAL HEALTHCARE LLC<br><br>Defendants. | Case No. 3:26-cv-2262<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Headlight Health, Inc. ("Headlight" or "Plaintiff") brings this action for trademark infringement against Defendants Headlight Mental Healthcare, PLLC, (the "Arizona

Entity") and Headlight Mental Healthcare LLC (the "Oregon Entity") (collectively "Defendants").

## NATURE OF THE ACTION

1. This case is about Defendants' willful and unauthorized use of the HEADLIGHT trademark in connection with their competing healthcare services in the United States, in violation of federal and state law. Through this unauthorized use, Defendants have gained an unfair competitive advantage in overlapping markets, for which Headlight has invested substantial time and resources to develop its brand and goodwill.

2. Headlight is a management services organization ("MSO"), providing administrative and business-support services to independent, physician-owned affiliated medical groups that provide mental-health care under the HEADLIGHT brand (collectively, the "Affiliated Medical Groups").

3. The Affiliated Medical Groups employ the clinicians who provide therapy, psychiatric services, medication management, and other mental health treatment.

4. Pursuant to Business Support Services Agreements ("BSSAs"), Headlight provides the Affiliated Medical Groups with nonclinical administrative and business support, including marketing and other operational services, and licenses the HEADLIGHT Mark to them.

5. The BSSAs and related license terms govern the authorized use and presentation of the HEADLIGHT Mark and compliance with applicable brand standards. All clinical judgment, supervision, and patient care remain exclusively under the control of the Affiliated Medical Groups and their physician owners.

6. Headlight uses the HEADLIGHT Mark in connection with its MSO operations and services.

7. The Affiliated Medical Groups use the HEADLIGHT Mark in connection with therapy, psychiatric services, medication management, and other mental health treatment.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

Headlight owns U.S. Trademark Registration No. 8,315,599 for the standard-character mark HEADLIGHT (the "HEADLIGHT Mark") for mental-health counseling, therapy, psychotherapy, and related services. The registration issued on June 23, 2026 from an intent-to-use application filed on October 12, 2023, Serial No. 98/220,317.

8. Under 15 U.S.C. § 1057(c), Headlight's application and subsequent registration constitutes constructive use of the HEADLIGHT Mark nationwide as of October 12, 2023.

9. Headlight is the licensor of the HEADLIGHT Mark to the Affiliated Medical Groups, whose authorized use of the HEADLIGHT Mark inures to Headlight's benefit as the owner of the mark under 15 U.S.C. § 1055.

10. Defendants have used and continue to use HEADLIGHT in connection with services that directly overlap with the services offered under the HEADLIGHT Mark by the Affiliated Medical Groups: providing psychiatric and other mental-health services and medication management, including via in-person and virtual care.

11. Defendants did not use HEADLIGHT in commerce before Headlight's October 12, 2023 constructive-use date. The Arizona Entity was not formed until December 2023, and founder Matthew Laird has stated in writing that Defendants' actual use of HEADLIGHT began in December 2023 when the Arizona Entity's organization was effective. The Oregon Entity was formed a year later, in December 2024.

12. The parties' services overlap directly. The Affiliated Medical Groups operate physical locations in Oregon and provide psychiatric and other mental-health services under the HEADLIGHT Mark to Oregon consumers, both in-person and through virtual-care channels, including psychiatric and mental-health services and medication management. Headlight provides management, administrative, and marketing support to those entities. Defendants advertise an Oregon office in Portland and telehealth throughout Oregon and also provide psychiatric and other mental-health services, including medication management, to consumers in Oregon.

13. Headlight notified Defendants of their infringement in writing on June 30, 2026 and again on July 24, 2026.

14. In response, Defendants asserted an unfounded right to continue using HEADLIGHT despite a clear lack of priority.

15. Defendants' conduct is likely to confuse consumers, divert prospective patients away from Headlight's authorized branded network, cause injury to Headlight's trademark, reputation and goodwill, licensing program, marketing activities, and MSO business, and cause irreparable harm to Headlight that cannot be fully remedied by monetary relief alone.

16. Headlight therefore seeks to enjoin Defendants' knowing and willful infringement of Headlight's intellectual property rights in the HEADLIGHT name and mark, and seeks a permanent injunction, damages, costs, and attorneys' fees, as authorized by the Lanham Act and Oregon law.

## **THE PARTIES**

17. Plaintiff Headlight Health, Inc. is a Delaware corporation with its principal place of business in Salt Lake City, Utah.

18. Defendant Headlight Mental Healthcare, PLLC is an Arizona professional limited liability company with a principal place of business in Phoenix, Arizona.

19. Defendant Headlight Mental Healthcare LLC is an Oregon limited liability company with a principal place of business in Portland, Oregon.

20. Defendants operate and present themselves as a unified commercial entity under the name "Headlight Mental Healthcare." Defendants use the same website, branding, contact channels, and hold themselves out collectively as one entity.

## **JURISDICTION AND VENUE**

21. This Court has jurisdiction over Headlight's Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a).



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

22. This Court has supplemental jurisdiction over Headlight's state law claims under 28 U.S.C. §§ 1367(a), 1338(b).

23. This Court has personal jurisdiction over the Oregon Entity because it is organized under Oregon law, maintains an Oregon office, and provides and advertises services in Oregon.

24. This Court has personal jurisdiction over the Arizona Entity because, acting together with the Oregon Entity, it advertises and provides services in Oregon through a common website and telehealth offering, and the claims arise from those Oregon-directed activities.

25. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Oregon Entity resides in this District, the Defendants are subject to personal jurisdiction here with respect to this action, and a substantial part of the events giving rise to Headlight's claims occurred and continues to occur here.

26. Assignment to the Portland Division is proper because Defendants maintain an office and conduct the challenged activities in Portland, Oregon.

## FACTUAL ALLEGATIONS

### Headlight and the HEADLIGHT Mark

27. Headlight facilitates access to evidence-based mental-health care, including therapy, psychiatric services, medication management, and other treatment. Patients obtain in-person and online and telehealth care from the Affiliated Medical Groups, and Headlight uses the HEADLIGHT Mark directly in its marketing and business-support activities for its authorized licensees.

28. Headlight adopted HEADLIGHT and began public use of the mark no later than October 2024. Since then, Headlight has used the HEADLIGHT Mark continuously in connection with its MSO operations, including in Oregon.

29. Headlight has invested substantial resources in the HEADLIGHT mark, including its website, technology, marketing, patient-acquisition infrastructure, and business and



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

administrative support for locations operated by Affiliated Medical Groups. Through that investment and use, HEADLIGHT identifies Headlight as the source of its services and embodies valuable goodwill.

30. On October 12, 2023, Headlight (under its predecessor corporate name, SokyaHealth MSO, Inc.) filed U.S. Trademark Application Serial No. 98/220,317 for the standard-character mark HEADLIGHT on an intent-to-use basis under Section 1(b) of the Lanham Act.

31. The application matured to U.S. Trademark Registration No. 8,315,599 on June 23, 2026. The registration identifies the following Class 44 services: "Mental health counseling and therapy services; counseling in the fields of mental and emotional health and wellness; psychotherapy counseling services provided via computer, telephone, or other electronic means."

32. Registration No. 8,315,599 is valid, subsisting, and owned by Headlight. This constitutes prima facie evidence of the validity of the registered mark, Headlight's ownership, and Headlight's exclusive right to use HEADLIGHT in commerce in connection with the registered services. Headlight authorized and controls licensed use of the HEADLIGHT Mark under the BSSAs, and such use inures to Headlight's benefit pursuant to the related company use principles of 15 U.S.C. § 1055.

33. Because Headlight's intent-to-use application matured into registration, Headlight has nationwide constructive-use priority dating to October 12, 2023 under 15 U.S.C. § 1057(c).

34. Clinical services offered under the HEADLIGHT Mark are available to Oregon consumers through one or more Affiliated Medical Groups, including through in-person locations in the Portland metropolitan area and through virtual-care channels. The Affiliated Medical Groups employ the clinicians and provide therapy, psychiatric care, medication management, and other clinical services under the HEADLIGHT Mark. Headlight supports and markets those operations through the nonclinical services it provides under the applicable BSSAs.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

**Defendants' Junior Adoption and Use**

35. Defendants adopted and use "Headlight Mental Healthcare" as the name and brand of their competing mental-health services. HEADLIGHT makes up the dominant portion of that designation; the remaining words merely describe the services offered.

36. The Arizona Entity was formed on December 18, 2023 according to Arizona public records.

37. In a July 2, 2026 letter from Defendants' founder Matthew Laird, he stated that the Arizona Entity was organized with an effective date of December 18, 2023 and that use of HEADLIGHT began during that same week.

38. Thus, even accepting Defendants' own assertions, their first claimed use followed Headlight's October 12, 2023 constructive-use date by more than two months.

39. Other publicly available evidence of Defendants' use likewise establishes their lack of priority as to the HEADLIGHT Mark: A Better Business Bureau profile identifies a December 15, 2023 start date; Defendants' Facebook page was created on December 24, 2023 and lists their "Founding date" as December 21, 2023; the earliest located Facebook post expressly referencing HEADLIGHT is dated February 1, 2024; and the domain name headlightmentalhealthcare.com was registered on January 8, 2024.

40. On August 20, 2024, the Arizona Secretary of State issued Arizona Trademark Registration No. 9395235 for HEADLIGHT MENTAL HEALTHCARE to the Arizona Entity. The underlying record reports a June 1, 2024 first-use date in Arizona—nearly eight months after Headlight's constructive-use date.

41. A Facebook post dated July 1, 2024 advertised Defendants' expansion to Portland, Oregon, and the Oregon Entity was formed on December 16, 2024.

42. Defendants currently advertise themselves online as "Headlight Mental Healthcare" and identify their services as originating from "Headlight." Their online advertising includes links to request appointments, a patient portal, telephone numbers for Portland and



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

Phoenix, and representations that they provide in-person and telehealth care in Oregon and Arizona.

43. Defendants offer psychiatric evaluations, medication management, mental-health treatment, and related services, including services for anxiety, depression, ADHD, autism-spectrum conditions, trauma, PTSD, and LGBTQ+ patients.

44. Defendants' services overlap with the therapy, psychiatry, medication-management, and virtual mental-health services Headlight offers under the HEADLIGHT Mark. The parties target the same class of consumers through the same or closely related channels, including web search, websites, online scheduling, telehealth, and local Oregon facilities.

45. Defendants use the challenged designation in interstate commerce, including to advertise and provide telehealth services, communicate with prospective patients, operate a website and patient portal, and serve consumers in more than one state.

46. Defendants adopted HEADLIGHT without Headlight's authorization. Headlight has never licensed, sponsored, approved, or affiliated itself with Defendants or their services.

**Likelihood of Confusion and Resulting Harm**

47. Defendants use the entirety of Headlight's registered HEADLIGHT Mark as the dominant portion of their designation.

48. Consumers encountering "Headlight Mental Healthcare" naturally interpret the additional wording as describing a service line associated with or operating under the HEADLIGHT mark.

49. Defendants' services are identical or highly related to the clinical services offered under the HEADLIGHT Mark by the Affiliated Medical Groups. Defendants and the Affiliated Medical Groups serve overlapping classes of consumers in Oregon through overlapping channels, including web searches, online directories, websites, scheduling systems, telehealth offerings, and physical locations.

50. Mental-health consumers may exercise care in selecting an individual provider, but they also rely on search results, online directories, provider networks, insurance information, and abbreviated references to a practice's brand. Confusion about affiliation can arise before a consumer reaches the point of selecting a particular clinician, and even if later dispelled, initial interest confusion is still detrimental to Headlight.

51. Defendants' use is likely to cause consumers to believe mistakenly that Defendants are Headlight, are part of Headlight's provider network, operate an authorized Headlight clinic, or are otherwise affiliated with, sponsored by, or approved by Headlight.

52. Defendants' use is also likely to cause initial-interest confusion by diverting consumers searching for Headlight's Oregon services to Defendants' website, listings, and intake channels.

53. Defendants are not authorized participants in Headlight's network of Affiliated Medical Groups and are not subject to the contractual requirements governing authorized use of the HEADLIGHT Mark. Defendants nevertheless use the identical mark for their independently controlled services, creating a substantial risk that consumers will attribute Defendants' services, statements, practices, and patient experiences to Headlight or its authorized licensees.

54. Defendants' conduct has diverted and is likely to divert consumers, web traffic, referral opportunities, and other commercial opportunities away from services offered through Headlight's authorized branded network. Defendants' conduct has also impaired the effectiveness of Headlight's marketing and licensing activities and caused Headlight to incur expenses investigating the challenged use, protecting its mark, and addressing marketplace confusion.

55. Defendants' conduct has caused and, unless enjoined, will continue to cause injury to Headlight's trademark rights, business reputation, goodwill, licensing relationships, marketing activities, and ability to control the use and reputation of the HEADLIGHT Mark. These injuries include an ascertainable loss of money or property in an amount to be proven.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

**Notice and Continued Infringement**

56. On June 30, 2026, Headlight sent Defendants a written demand identifying the HEADLIGHT Mark, explaining the likelihood of confusion, and instructing Defendants to cease their unauthorized use of HEADLIGHT.

57. On July 2, 2026, Laird responded on behalf of Defendants. He rejected Headlight's demand, asserted that Defendants would continue using "Headlight Mental Healthcare," and admitted that the Arizona Entity's claimed actual use began during the week of December 18, 2023.

58. On July 24, 2026, Headlight sent a follow-up letter explaining that, under 15 U.S.C. § 1057(c), Headlight's intent-to-use application conferred constructive priority as of October 12, 2023 when it matured into registration. Headlight again requested cessation and offered to discuss a reasonable transition period.

59. Defendants did not engage in further correspondence with Headlight.

60. As of the filing of this Complaint, Defendants continue to advertise and provide competing services under "Headlight Mental Healthcare" through headlightmentalhealthcare.com and other channels directed to Oregon consumers.

61. Defendants' continued use after receiving actual notice of Headlight's registration, priority, and objections is knowing, intentional, and willful.

**COUNT I**

**(Federal Trademark Infringement, 15 U.S.C. § 1114)**

62. Headlight realleges and incorporates by reference each preceding allegation as though fully set forth herein.

63. Headlight owns U.S. Trademark Registration No. 8,315,599 for the HEADLIGHT Mark in connection with the mental-health services identified in the registration. The registration is valid and subsisting and constitutes prima facie evidence of the validity of the

HEADLIGHT Mark, Headlight's ownership of the mark, and Headlight's exclusive right to use the mark in commerce in connection with the registered services.

64. Headlight filed the application that matured into Registration No. 8,315,599 on October 12, 2023. Pursuant to 15 U.S.C. § 1057(c), that filing constituted constructive use of the HEADLIGHT mark, contingent upon registration, and conferred nationwide priority effective October 12, 2023 against any person that had not previously used the mark or otherwise acquired superior rights.

65. Defendants, by their own admission, began their challenged use after Headlight's October 12, 2023 constructive-use and priority date.

66. Without Headlight's consent, Defendants have used and continue to use HEADLIGHT in commerce in connection with the advertising, offering, sale, and provision of mental-health services, including through Defendants' entity names, trade names, domain name, website, social-media accounts, online business listings, patient-intake systems, and other promotional and commercial channels.

67. Defendants' Headlight Mental Healthcare designation reproduces the registered HEADLIGHT mark in its entirety and adds only descriptive wording identifying the nature of Defendants' services.

68. Defendants use the challenged designation for services that are identical or highly related to the services identified in Headlight's registration and offered under the HEADLIGHT Mark by Headlight's authorized Affiliated Medical Groups.

69. Defendants' unauthorized use of HEADLIGHT is likely to cause confusion, mistake, or deception concerning the source, affiliation, connection, sponsorship, or approval of Defendants and their services.

70. Defendants have continued their infringing conduct despite actual notice of Headlight's registration, priority, and objections. Defendants' continued infringement is knowing, intentional, and willful.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

71. Defendants' conduct constitutes infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

72. Defendants' infringement has caused and, unless enjoined, will continue to cause Headlight irreparable injury, including injury to its goodwill and reputation and loss of control over the HEADLIGHT Mark. Headlight has no adequate remedy at law for these continuing injuries.

73. Headlight is entitled to injunctive relief under 15 U.S.C. § 1116 and to recover Defendants' profits, Headlight's damages, the costs of this action, and all other relief available under 15 U.S.C. § 1117. Defendants' deliberate continuation of their infringement after actual notice also supports enhanced monetary relief and a finding that this is an exceptional case warranting an award of Headlight's reasonable attorneys' fees.

**COUNT II**

**(False Designation of Origin, 15 U.S.C. § 1125(a))**

74. Headlight realleges and incorporates by reference each preceding allegation as though fully set forth herein.

75. The HEADLIGHT Mark is distinctive of Headlight's mental-health services and identifies Headlight as the source of services offered under the mark.

76. Defendants use HEADLIGHT in commerce as trade names and source-identifying designations in connection with the advertising, promotion, offering, and provision of competing mental-health services.

77. Defendants' use of HEADLIGHT is likely to cause consumers, prospective patients, referral sources, healthcare professionals, insurers, and others to believe mistakenly that Defendants or their services are affiliated, connected, or associated with Headlight, or that Headlight originates, sponsors, authorizes, or approves Defendants' services and commercial activities.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

78. Defendants' use therefore constitutes a false designation of origin and a false or misleading representation of fact concerning the affiliation, connection, association, origin, sponsorship, or approval of Defendants and their services.

79. Defendants knew or should have known that their conduct was likely to cause confusion, and Defendants are on actual notice of their infringement as of June 30, 2026. Defendants nevertheless continued the challenged conduct after receiving actual notice of Headlight's rights and objections.

80. On information and belief, Defendants have obtained revenues, profits, and other commercial benefits attributable to their unauthorized and confusing use of the HEADLIGHT Mark.

81. Defendants' conduct has caused and is likely to continue causing commercial injury to Headlight, including diversion of prospective patients and referral opportunities from its authorized licensees, injury to Headlight's business reputation and goodwill, and loss of control over the identity and reputation associated with the HEADLIGHT Mark. Those injuries were proximately caused by Defendants' false designation and false association.

82. Defendants' conduct violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

83. Headlight is entitled to injunctive relief under 15 U.S.C. § 1116 and to recover Defendants' profits, Headlight's damages, the costs of this action, and all other relief available under 15 U.S.C. § 1117, including enhanced monetary relief and reasonable attorneys' fees to the extent permitted by law.

/ / /

/ / /

/ / /



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

## COUNT III

## (Common-Law Trademark Infringement and Unfair Competition)

84. Headlight realleges and incorporates by reference each preceding allegation as though fully set forth herein.

85. Headlight owns valid and protectable rights in the HEADLIGHT Mark. Headlight has priority over Defendants' challenged use, including nationwide priority dating to October 12, 2023 pursuant to 15 U.S.C. § 1057(c), and has used the HEADLIGHT Mark directly and through authorized licensees in connection with mental-health services in Oregon and interstate commerce.

86. Through Headlight's use, advertising, and promotion of the HEADLIGHT Mark, consumers have come to recognize the Mark as identifying Headlight and the services that Headlight and its authorized licensees provide in Oregon.

87. Defendants use HEADLIGHT without Headlight's consent in connection with services that directly compete with those offered under authorized use of the HEADLIGHT Mark by the Affiliated Medical Groups.

88. Defendants' designation incorporates the HEADLIGHT mark in its entirety. The parties offer identical or closely related services to overlapping classes of consumers through overlapping marketing and commercial channels.

89. Defendants' conduct is likely to confuse or deceive consumers and referral sources concerning the source, identity, affiliation, connection, sponsorship, or approval of Defendants and their services and permits Defendants to trade upon the goodwill associated with Headlight and the HEADLIGHT mark.

90. Defendants' conduct constitutes trademark infringement, passing off, and unfair competition under Oregon common law.

91. Defendants have continued their conduct after receiving actual notice of Headlight's rights and objections. Their continued conduct is knowing, intentional, and willful.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

92. Defendants' conduct has caused and, unless enjoined, will continue to cause injury to Headlight's business, goodwill, reputation, and ability to control the HEADLIGHT mark. Headlight is entitled to injunctive relief, damages, restitution or disgorgement to the extent permitted by law, and all other appropriate legal and equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Headlight Health, Inc. respectfully requests that this Court grant:

A. Judgment against Defendants on all causes of action alleged herein;

B. An Order declaring that Defendants have infringed the HEADLIGHT Mark, engaged in false designation of origin and unfair competition in violation of the Lanham Act, and violated Oregon law;

C. An Order preliminarily and permanently enjoining Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction from using HEADLIGHT, HEADLIGHT MENTAL HEALTHCARE, or any other designation confusingly similar to HEADLIGHT in connection with mental-health or related services;

D. An Order requiring Defendants to cease use of headlightmentalhealthcare.com and any confusingly similar domain name in connection with goods or services, and to disable or redirect the domain as the Court deems equitable;

E. Compensatory damages, including Defendants' profits and Headlight's actual damages under 15 U.S.C. § 1117(a), subject to the principles of equity, plus any enhancement of the monetary award to the extent permitted under the law;

F. All restitutionary or disgorgement relief available under Oregon common law;

G. Reasonable attorneys' fees under 15 U.S.C. § 1117(a);

H. Costs, pre-judgment interest, and post-judgment interest as permitted by law; and

I. Such other and further relief as the Court deems just and proper.



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
1140 SW WASHINGTON ST, STE 700
PORTLAND, OREGON 97205

## DEMAND FOR JURY TRIAL

Headlight demands a trial by jury on all issues so triable.

Dated: October 15, 2026

MILLER NASH LLP

*s/ Delfina S. Homen*

Delfina S. Homen, OSB No. 104088
delfina.homen@millernash.com
MILLER NASH LLP
1140 SW Washington St, Ste 700
Portland, OR 97205
Phone: 503.224.5858 | Fax: 503.224.0155

Todd Marabella (*pro hac vice application forthcoming)*
tmarabella@goodwinlaw.com
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA, 02210
Tel: (617) 570-1000

Samuel A. Kunzman (*pro hac vice application forthcoming*)
skunzman@goodwinlaw.com
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800

*Attorneys for Plaintiff Headlight Health, Inc.*